[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
This appeal, having been heretofore placed on the accelerated calendar, is being considered pursuant to App.R. 11(E) and Loc.R. 12 and shall not be considered controlling authority except as provided in Rule 2(G)(1) of the Supreme Court Rules for Reporting of Opinions.
This is an appeal from a judgment of the Marysville Municipal Court, Union County, Ohio, finding that there was probable cause to arrest the appellant and overruling the appellant's motion to suppress the results of a breathalyzer test. Immediately after the suppression hearing, the appellant entered a plea of no contest to a charge of driving with a prohibited concentration of alcohol in violation of R.C. 4511.19(A)(3) and was sentenced. The trial court then dismissed the administrative license suspension that was initially imposed. This appeal followed, and Appellant now asserts two assignments of error.
 The Trial Court erred in finding that there was probable cause to arrest the appellant for a violation of R.C. 4511.19.
 The Trial Court erred to the substantial prejudice of the defendant appellant in overruling defendant's motion to exclude evidence of the results of the analysis of defendant's breath and overruling the appeal of the administrative license suspension.
As Appellant's assignments of error interrelate, this Court will address them together.
The relevant facts in this case are as follows: In the early morning hours of April 7, 2001, Appellant was stopped by Trooper Nick Arbogast of the Ohio State Highway Patrol for driving on State Route Four at seventy-six (76) miles per hour in a fifty-mile (55) miles per hour zone. Upon approaching the vehicle and asking for Appellant's license and registration, Trooper Arbogast testified that he detected the odor of alcoholic beverage coming from the vehicle, the appellant's face appeared flushed, and the appellant's movements were "slowish." Trooper Arbogast then asked the appellant if he had been drinking, to which the appellant answered in the affirmative.
The trooper next conducted three field sobriety tests (which the trial court later suppressed) and then arrested Appellant for driving under the influence. Subsequently, the appellant was administered a breathalyzer test, and his BAC level registered at 0.119. Appellant was charged with violating R.C. 4511.19(A)(1), R.C. 4511.19(A)(3), and R.C. 4511.20
(reckless operation of a motor vehicle). Ultimately, the trial court found that although the field sobriety tests were not conducted properly, Trooper Arbogast had sufficient probable cause without the field tests to effectuate an arrest, and the result of the breathalyzer test was, therefore, deemed admissible.
Although the results of the field sobriety tests were suppressed by the trial court, the Ohio Supreme Court has held that "[t]he totality of the facts and circumstances can support a finding of probable cause to arrest even where no field sobriety tests were administered or where, as here, the test results must be excluded for lack of strict compliance." Statev. Homan (2000), 89 Ohio St.3d 421, 427. In order to determine whether a law enforcement official has probable cause to arrest a person for DUI, a court is to "consider whether, at the moment of arrest, the police had sufficient information, derived from a reasonably trustworthy source of facts and circumstances, sufficient to cause a prudent person to believe that the suspect was driving under the influence." Id. (citing Beck v.Ohio (1964), 379 U.S. 89, 91; State v. Timson (1974), 38 Ohio St.2d 122,127). In essence, the determination as to the existence of probable cause depends upon the "totality of the circumstances."
In the case sub judice, the testimony and videotape revealed that the appellant was traveling seventy-six (76) miles per hour in a fifty-five (55) miles per hour zone through dense fog at 2:39 a.m. Upon stopping Appellant, Trooper Arbogast detected the odor of an alcoholic beverage. In addition to this odor, the trooper testified that Appellant's face was flushed and his movements were slow. Finally, when asked by Trooper Arbogast about his consumption of alcohol, the appellant admitted to drinking that night. Whether Appellant stated "only one or two" or "not too much" in response to the trooper's inquiry, which became an issue during Trooper Arbogast's testimony, is inconsequential because either response constitutes an admission to alcohol consumption.
Appellant's driving at such a high rate of speed during dangerous driving conditions, the trooper's detection of an odor of alcoholic beverage, the appellant's flushed face, his slow movement, and his admission to drinking support Trooper Arbogast's decision to arrest Appellant. At what point Trooper Arbogast decided that Appellant was going to be arrested and the reason(s) the trooper may have had for waiting to make the arrest until after the field tests are not relevant in deciding whether probable cause existed prior to that time. What is relevant is whether the totality of the admissible circumstances provided sufficient information to cause Trooper Arbogast to believe that Appellant was driving under the influence. Here, the totality of the circumstances surrounding Appellant's arrest, without the field tests, gave the trooper probable cause to believe that the appellant was driving under the influence, and as such, the arrest was constitutional. Because the arrest did not violate any constitutional mandates, the subsequent results of the breathalyzer test are admissible and the administrative license suspension was warranted. Therefore, Appellant's two assignments of error are overruled.
For the reasons stated, it is the order of this court that the judgment of the Marysville Municipal Court, Union County, be and hereby is, affirmed at the costs of Appellant for which judgment is rendered. It is further ordered that the cause be, and hereby is, remanded to the trial court for execution of the judgment for costs.
It is further ordered that the Clerk of this Court certify a copy of this judgment to that court as the mandate prescribed by App.R. 27 or by any other provision of law, and also furnish a copy of this journal entry directly to the trial judge.